UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 12-cr-00158 |
|---|---|
| VERSUS | JUDGE HAIK |
| TIAN LEI TANG(01)<br>DA DONG YE(03) | MAGISTRATE JUDGE HANNA |

**Memorandum Ruling**

Before the undersigned is the Motion for Bill of Particulars by Tian Lei Tang(01)a/k/a Tom, which motion has been adopted by Da Dong Ye(03)a/k/a Jackie. [Rec. Doc. 88, 95] Oral argument was heard on the motions on April 18, 2013.  In open court,  Defendant Da Dong Ye(03) moved to withdraw his adoption of the motion which was granted.   Based on the applicable law, the legal memoranda and arguments of counsel, and the review of the record, the motion of Defendant Tian Lei Tang(01) is GRANTED in part and DENIED in part.

Factual and Procedural Background:

On August 16, 2012, three defendants, including Tian Lei Tang, were subjects of a Superseding Indictment, charging each with violations of provisions of 8 U.S.C. §1324, namely conspiracy to harbor certain aliens (Count 1) and harboring aliens (Count 2). [Rec. Doc. 30-31]

Tang filed his Request for Discovery of the materials contained in the court's standing scheduling order in September, 2012 and the government has provided extensive

documentation in response to that requst.  On March 4, 2013, Tang filed a Motion for Bill of Particulars [Rec. Doc. 88] pursuant to Rule 7(f)of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution.  Tang asserts that the Superceding Indictment is vague, uncertain, and insufficient in certain respects.  He argues that he cannot adequately prepare his defense against the alleged conspiracy and illegal alien "harboring" charges.  He also urges that he is prejudiced by the failure to identify the individual "illegal aliens" referenced in the indictment.

***The Offenses Charged in the Indictment and Particulars Requested:***

      Defendants have been charged with violations of provisions of 8 U.S.C.A. §1324, conspiring to harbor certain aliens. They are alleged to have knowingly and unlawfully combined, conspired, confederated and agreed together to circumvent the immigration laws of the United States, by concealing, harboring or shielding from detection certain aliens. [Rec. Doc. 31, p. 2] The elements of the charge specified in the Superseding Indictment are found at 8 U.S.C. §1324(a)(1)(A)(iii) and §1324(a)(1)(A)(v)(I).

Count One:  The Superceding Indictment alleges that Tang is a registered agent/director of two corporations doing business as Buffet City in Lafayette, Louisiana.  Beginning before November, 2008, and continuing through the date of the superseding indictment, it is alleged that Tang and the two other defendants, "and with others known and unknown" unlawfully combined, conspired, confederated and agreed together to circumvent the U.S. immigration laws by concealing, harboring or shielding from detection certain illegal aliens. Together, the defendants are alleged to have hired many illegal Hispanic workers

to work in the kitchen of the Buffet City restaurant.  The conspiracy is alleged to have spanned the period between 2008-2012.

Tang argues that he sold the Buffet City restaurant 2 years before the indictment, and he has worked at the restaurant on a part-time basis since the sale.  He seeks the names of the "certain aliens" referenced in the conspiracy section of the indictment and the basis for the characterization of each as "illegal."  As to the references to "the defendants" and "together" in the Object of Conspiracy section, Tang seeks details to know whether the government is specifically alleging that he participated in the hiring, housing, or transporting of illegal workers and the identities of the referenced workers.

In the Overt Acts section of the indictment, Tang seeks specificity as to his alleged actions and the identities of the individuals alleged to have been illegally transported and/or  housed.

Count Two: Tang seeks the names, nationalities and current locations of the aliens referenced in the "Harboring Aliens" charge.

*Applicable Law and Discussion*

"An indictment is sufficient if it contains the elements of the offense charged, informs the defendant of the charges, and enables the defendant to plead acquittal or conviction and avoid future prosecutions for the same offense." *United States v. Hatch*, 926 F.2d 387, 391-92 (5th Cir.1991); *see also United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 115, 98 L.Ed. 92 (1957) (holding an indictment must "clearly inform[ ] the

defendants of that with which they [are] accused, so as to enable them to prepare their defense and to plead the judgment in bar of any further prosecutions for the same offense"). "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Crow*, 164 F.3d 229, 234 (5th Cir.1999); *see also United States v. Kay*, 359 F.3d 738, 742 (5th Cir.2004).

Rule 7(f) provides that a defendant may move for a bill of particulars before or within 14 days after arraignment, or at a later time if the court permits. The motion before the court is outside the allowable time window, however, in the exercise of the discretion afforded, the court considers the motion as presented.

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir.1977); *see also United States v. Shepard*, 462 F.3d 847, 860 (8th Cir.2006) *United States v. Kirkham*, 129 Fed.Appx. 61, 71 (5th Cir.2005). A court must consider a defendant's need for information while mindful that the bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.1980). Whether to grant a bill of particulars is within a trial court's sound discretion; for practical purposes, the trial court's decision is almost invariably final. *See Mackey*, 551 F.2d at 970; *see also United States v.*

*Davis*, 582 F.2d 947, 951 (5th Cir.1978) (Determination of whether a bill of particulars is needed is "seldom subject to precise line drawing.").

A bill of particulars is not a means to obtain general discovery. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978). Moreover, it may not be used "for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial." *Downing v. United States*, 348 F.2d 594, 598 (5th Cir.1965); *see also U.S. v. Kilrain*, 566 F.2d 979, 985 (5th Cir.1978). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir.2000), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367 (5th Cir.2002).

There is generally no right to a list of names and addresses of government witnesses through a bill of particulars.  *United States. v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976).  However, a bill of particulars is the proper procedure for the defendant to discover the names of unindicted alleged coconspirators, if the government will call such persons as witnesses at trial. *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir.1987), *citing United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir.1979).

The defendants' key request is for the names and legal status of each alien alleged to have been concealed, harbored, shielded or hired, as charged in the superseding indictment.  In fact, the bulk of the defendant's memorandum supporting the motion is devoted to the argument that "[W]hile the government may only need to prove illegal conduct with respect to one alien in order to prove the offenses charged, the failure by the

government to identify the aliens at issue would leave open 'the question of which aliens are in fact at issue in the crimes for which [the defendant is] charged.'" (*citing United States v. Calhelha*, 456 F.Supp.2d 350, 366 (D.C.Conn. 2006). [Rec. Doc. 88-1, p. 3] Defendant further urges that he must know which illegal activity is charged against him with respect to which aliens–all in order for the defendant to interpose a plea of double jeopardy in a later proceeding. *Id*.  These arguments were persuasive in *Calhelha*, relied upon by the defendant.  In *Calhelha*, the Court granted the defendant's motion for bill of particulars and ordered the government to provide identification of the aliens at issue in each count against the defendant. *United States v. Calhelha*, 456 F.Supp.2d at 324.

> Defendants' requests for identification of the aliens at issue in each count is appropriate and necessary to permit them to interpose a plea of double jeopardy. While the Government may only need to prove illegal conduct with respect to one alien in order to prove the offenses charges, this argument avoids the question of which aliens are in fact at issue in the crimes for which defendants are charged. "The federal rule is that jeopardy attaches when the jury is empaneled and sworn," *Crist v. Bretz*, 437 U.S. 28, 29, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), and thus defendants must know the offenses with which they are charged, sufficient for pleading double jeopardy in any subsequent prosecution, at that time, not after trial. Likewise, defendants must know which illegal activity ( e.g., encouraging, bringing, harboring, transporting, etcetera) is charged with respect to which aliens, also in order for them to interpose a plea of double jeopardy in a later proceeding. Without such information, defendants would not know if they were charged with harboring aliens A and B in this proceeding, such that they could be charged with harboring alien C in a subsequent proceeding, or whether they are charged with harboring all three aliens in this prosecution and thus could not be prosecuted for harboring any one of the three in any subsequent proceeding.

*U.S. v. Calhelha,*  456 F.Supp.2d at 366 -367.

In response to the motion by Defendant, the government has demonstrated that in response to the defendant's discovery requests, it has provided "almost the entirety of the

government file," less attorney notes and memoranda. [Doc. 99, p. 5] Per the government, over 4000 pages have been turned over to the defendants to date.  Two of the alleged illegal aliens have been deposed, but the government has also declared to the court that it cannot presently state which, if any more, "alien" witnesses will be called for trial, so as to limit disclosure of the names of individuals involved in the charges against the defendant.  However, the government does have documentation which it has produced to the defendants identifying the names (whether real or fictitious is unknown) of the alleged aliens.

In order to properly inform the defendant such that he may avail himself of a double jeopardy defense if applicable, and consistent with the court's analysis in *Calhelha*, the court will GRANT the defendant's motion in part.  The government will be ordered to produce, within ten (10) days of this ruling, the names of each alien alleged to have been concealed, harbored, shielded or hired, as charged in each count of the superseding indictment.   In all other respects, the motion is DENIED, since the court finds that the Superseding Indictment and the government's discovery production have sufficiently apprised Defendant Tian Lei Tang of the charges against him.

Signed in Lafayette, Louisiana, this 18th day of April, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge